IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENN-AMERICA INSURANCE COMPANY, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:24-cv-2027 |
| KATERIN CONSTRUCTION CO., INC., and MIRSA GODOY MORALES, as Next Friend of LUIS ANGEL MORALES, | | |
| Defendants. | | |

**PLAINTIFF PENN-AMERICA INSURANCE COMPANY'S
ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Penn-America Insurance Company ("Penn-America") files this Original Complaint for Declaratory Relief and respectfully shows as follows:

**I.**

**PARTIES**

1. Plaintiff Penn-America Insurance Company is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. Penn-America is considered, for all times relevant to this suit, a citizen of the State of Pennsylvania.

2. Defendant Katerin Construction Co., Inc. ("Katerin") is a corporation organized and existing under the laws of the State of Texas. Katerin's principal place of business is located within Texas. Katerin Construction Co., Inc. may be served through its registered agent, Miguel Morales, 12030 Pompano Lane, Houston, TX 77072.

3. Defendant Mirsa Godoy Morales, as Next Friend of Luis Angel Morales ("Morales"), is an individual who is a resident, domiciliary of, and citizen of the State of Texas. Luis Angel Morales is an individual who is a resident, domiciliary of, and citizen of the State of Texas. Morales may be served at her residence at 9123 Belle Glen Drive, Houston, TX 77099 or wherever found.

4. Morales is joined to ensure that any declaration of no coverage issued by the Court is binding on Morales.

## II.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount.

6. As shown in the paragraphs above, the citizenship of Penn-America is completely diverse from the citizenship of each defendant in this suit. Penn-America is a citizen of only the State of Pennsylvania. Defendants are each citizens of only the State of Texas: Katerin is a corporation considered to be a citizen of the State of Texas, and Morales is a domiciliary of the State of Texas. No defendant is a citizen of the State of Pennsylvania.

7. As described more fully below, the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff seeks a declaration that it does not owe a duty to defend or indemnify Katerin under a liability policy with limits of $1 million per occurrence. Morales is a claimant in a pending underlying lawsuit against Katerin and pleads for monetary relief, jointly and severally against the defendants in that suit, of more than $1 million.

8. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201-2202. An actual and substantial controversy exists between the parties. By this action, Penn-America seeks a declaration that it does not owe a duty to defend or indemnify Katerin in connection with the underlying lawsuit styled *Mirsa Godoy Morales as Next Friend of Luis Angel Morales v. Katerin Construction Co. Inc. and Elevate Opportunity Zone Fund, LLC d/b/a Elevate Homes f/k/a Elevate Homes, LLC*; Cause No. 2023-81754; pending in the 113th Judicial District of Harris County, Texas (the "Underlying Lawsuit"). Morales alleges that Luis Angel Morales (hereinafter "Luis") sustained a severe injury and seeks recovery of various alleged past and future damages from Katerin in the Underlying Lawsuit. Katerin tendered the Underlying Lawsuit to Penn-America seeking defense under the Penn-America insurance policy described below.

9. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Penn-America issued the commercial insurance policy at issue to Katerin in this District and Division. By this suit, Penn-America seeks a declaration with respect to the rights and responsibilities arising out of the Underlying Lawsuit. The Underlying Lawsuit is pending within this District and Division. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because at least one defendant resides in this District and all defendants are residents of the State of Texas. Katerin's principal place of business is within this Division. Additionally, Morales resides within this Division.

## III.

## FACTUAL BACKGROUND

**A.    THE UNDERLYING LAWSUIT**

11. Morales initiated the Underlying Lawsuit by filing an Original Petition on November 27, 2023, against Katerin and Elevate Opportunity Zone Fund, LLC d/b/a Elevate Homes f/k/a Elevate Homes, LLC in the 113th District Court of Harris County, Texas. A true and correct copy of the Original Petition is attached as Exhibit A. Morales alleged that Luis fell while performing construction work and suffered spine and permanent injuries. *Id*. at 4. Morales alleged that Luis was the defendants' employee:

> During all relevant times herein, Luis was employed by, retained by, subject to the control of and/or under the direction and supervision of one or more of the Defendants while performing services in the course and scope of his employment, service arrangement and/or engagement by the Defendants (directly and indirectly) at a residential property believed to be at 6346 Culberson Street, Houston, Texas 77021 ("subject property" or "subject construction site" or "subject premises").
>
> On or about November 2, 2023, Luis was performing construction work - believed to be framing on the third story — at the instruction and direction of employees, agents and servants of the Defendants at the subject property when he fell from an unsecured surface that was more than twenty (20) feet above the ground as a result of, *inter alia,* the Defendants' failure to provide a safe work place and/or implement a required and adequate fall protection system.

*Id*. at 4.

12. The Original Petition alleged that the defendants were negligent and liable in various respects, including the "Failure to properly educate and supervise Luis with regard to proper instruction and/or work requested of employees/servants/ contractors such as Luis . . . Failure to fulfill duty(ies), including necessary action(s), to prevent injury to Luis and other employees/servants/contractors . . . [and] [i]n failing to carry workers' compensation benefits pursuant to Texas Labor Code § 406.033, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances." *Id*. at ¶ 19.a., k., m., v. The Original Petition further alleged the defendants are liable pursuant to their non-subscriber

status under the Texas Workers' Compensation Act and under the doctrines of vicarious liability, joint enterprise, and joint venture. *Id.* at ¶¶ 10, 12, 21 & 22.

13.     Morales filed a First Amended Petition against the same defendants on January 25, 2024, in which Plaintiff repeated the allegations identified above. A true and correct copy of that petition is attached as Exhibit B.

14.     Morales filed a Second Amended Petition against the same defendants on February 6, 2024, in which Plaintiff generally repeated the allegations identified above except that Morales removed specific references to being employed by and working in the course and scope of employment. A true and correct copy of that petition is attached as Exhibit C.

15.     Just two days later, on February 8, 2024, Morales filed a Third Amended Petition, which is Morales's live pleading. A true and correct copy of the Third Amended Petition is attached as Exhibit D. In a transparent attempt to implicate insurance coverage, Morales altered the allegations referencing an employee relationship made in the three prior petitions and now alleges:

> During all relevant times herein, Luis was an invitee of and not an employee of the Defendants while performing services at a residential property believed to be at 6346 Culberson Street, Houston, Texas 77021 . . . . On or about November 2, 2023, while at the subject property as an invitee, Luis fell from an unsecured surface that was more than twenty (20) feet above the ground.

*Id.* ¶¶10-11.

16.     Morales generally alleges that the defendants are liable for negligence in being "responsible for overall safety at the subject property." *Id.* ¶18. In the premises liability cause of action, Morales alleges that Luis was an invitee of the defendants and entered the premises at their request, and that the defendants had the right of control of the premises and manner in which work was being performed at the premises. *Id.* ¶22. Morales alleges the defendants "owed a duty to

advise the contractors, subcontractors, independent workers and all employees to take special precautions while working at the subject property including, but not limited to, protecting employees from injury by providing, implementing and installing a fall protection system." *Id.* ¶24. Morales further alleges defendants failed to exercise ordinary care to protect Luis from the dangerous condition by failing to warn and make safe and failed to have any fall protection at the premises. *Id.* at ¶¶ 23-24.

### B. THE PENN-AMERICA POLICY

17. Penn-America issued a Commercial Insurance Policy to Katerin Construction Co. Inc., Policy No. PAV0473603, with a policy period from October 5, 2023, to October 5, 2024 (the "Policy"). A true and correct copy of the Policy is attached as <u>Exhibit E</u>.[1] Katerin's business is described in the Commercial Lines Common Policy Declarations as "Carpentry." The Commercial General Liability Coverage Part Declarations contain an each occurrence limit of $1 million.

18. The Policy's insuring agreement provides as follows:

**SECTION 1 — COVERAGES**
**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
. . .

19. The defined terms are defined in the Definitions section of the Policy.

20. The Policy also contains an endorsement titled **EXCLUSION – INJURIES TO EMPLOYEES, CONTRACTED PERSONS OR WORKERS OF INSUREDS OR**

---

[1] With premium-related information redacted.

**CONTRACTED ORGANIZATIONS** which deleted and replaced the Employer's Liability exclusion contained in the Commercial General Liability Coverage Form. The exclusion provides in relevant part as follows:

This insurance does not apply to:

    **e. Injury to Employees, Contracted Persons or Workers**

        "Bodily injury" to:

        **(1)** Any person who is an "employee", contractor, subcontractor, "temporary worker" or "volunteer worker" of any insured arising out of and in the course of:

          **(a)** Employment by any insured; or

          **(b)** Performing duties related to the conduct of any insured's business;

        **(2)** Any person, arising out of and in the course of performing duties related to the conduct of any insured's business;

        **(3)** Any "employee", contractor, subcontractor, "temporary worker" or "volunteer worker" of any person or organization that is contracted to perform services on behalf of:

          **(a)** Any insured; or

          **(b)** Anyone who is performing services on any insured's behalf;

        arising out of and in the course of employment by such person or organization, or performing duties related to the conduct of such person's or organization's business, and for which any insured may become liable in any capacity; or

        **(4)** The spouse, child, parent, brother or sister, or other family member, of any person as a consequence of Paragraphs **(1)**, **(2)**, or **(3)** above.

    This exclusion applies:

    **(1)** Whether any insured may be liable as an employer or in any other capacity;

    **(2)** Whether any insured may have any obligation to share damages with or repay someone else who must pay damages because of the injury; and

    **(3)** To liability assumed by any insured under any contract or agreement.

21. The exclusion is broadly worded and excludes any claims for injury to a worker in the contracting chain or who is performing duties related to Katerin's business.

  **C.** **THE COVERAGE DISPUTE**

22. Katerin tendered the Underlying Lawsuit to Penn-America for a defense. Penn-America is providing a defense to Katerin in the Underlying Lawsuit under a complete reservation of rights. Penn-America reserved all rights to, among other things, contest coverage and seek a declaratory ruling concerning coverage under the Policy.

23. Penn-America disputes, under the allegations of the petition or the facts that will be proven, that it owes a duty to defend Katerin pursuant to the Policy or that it could owe a duty to indemnify in connection with the Underlying Lawsuit. The Exclusion ─ Injury to Employees, Contracted Persons or Workers of Insureds or Contracted Organizations applies to exclude a duty to defend or potential duty to indemnify.

24. Morales clearly alleged in multiple petitions that Luis was an employee of Katerin. As noted above, Morales alleged Luis was "working for, retained by, subject to the control of and/or under the direction and supervision of the Defendants while performing services for and on behalf of Defendants (directly and indirectly)." Morales further alleged Luis was performing construction work (believed to be framing on the third story) at the instruction and direction of defendants when he fell.

25. In an obvious attempt to implicate coverage or collude to trigger coverage, Morales amended the petition and artfully removed express allegations that Luis was an employee. Despite the attempt at creative pleading, however, the allegations still establish that the Exclusion precludes coverage as a matter of law.

26. The live pleading demonstrates that Luis was a worker in the contracting chain or was otherwise performing duties related to Katerin's business. Although Morales makes the conclusory assertion that Luis was "an invitee and not an employee of the Defendants," Morales cannot avoid the reality that, according to her own allegations, Luis was invited onto the property by Katerin and was allegedly injured while performing services at the property for Katerin. *Id*. at ¶10. In addition, Morales specifically alleges that Katerin and its various related entities are being sued as "entities doing and/or engaging in the business of engaging, employing, supervising employees and workers, such as Luis, in the providing of services, including construction services such as framing, provided at the subject property . . . ." *Id*. at ¶8.

27. As a result, Morales alleges that Luis necessarily must be a person falling within the class of person's described within the scope of the exclusion because, at the very least, Morales alleges that Luis was invited onto the property controlled by Katerin for the purposes of performing services for Katerin and sustained injury arising out of and in the course of performing duties related to the conduct of Katerin's business. As such, at the very least, the allegations regarding Luis fall squarely within paragraph e. (2) of the Exclusion, which provides that the insurance does not apply to bodily injury to "[a]ny person, arising out of and in the course of performing duties related to the conduct of any insured's business".

28. Even if the Petition's allegations were insufficient to trigger the exclusion, which Penn-America disputes, Penn-America is entitled to conduct discovery to determine the nature of the relationship. In determining the duty to defend, "if the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of coverage, Texas law now expressly permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage

and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved." *Monroe Guaranty Ins. Co. v. BITCO General Insurance Co.*, 640 S.W.3d 195 (Tex. 2022); *see Drawbridge Energy US Ventures, LLC v. Fed. Ins. Co.*, No. 4:20-CV-03570, 2022 WL 991989, at *5 (S.D. Tex. Apr. 1, 2022).

29. Accordingly, to the extent that the allegations concerning the nature of the relationships between Luis and Katerin are insufficient to determine whether the exclusion applies, extrinsic evidence related to the relationship can be considered for purposes of the coverage determination.

## IV.

## DECLARATORY RELIEF

30. Penn-America incorporates by reference the allegations stated above.

31. All conditions precedent to the filing and maintenance of this action and for the relief requested have occurred or have been performed.

32. A declaratory judgment is necessary to determine the rights of the parties concerning the Policy and the Underlying Lawsuit.

33. The Policy does not provide coverage for the Underlying Lawsuit or for the claims and damages asserted and sought in the Underlying Lawsuit pursuant to the Policy's terms, conditions, limitations, and exclusions. No duty to defend or indemnify is owed under the Policy.

34. Plaintiff Penn-America Insurance Company seeks a declaratory judgment from this Court that the Policy issued by Penn-America does not provide coverage for the Underlying Lawsuit or for any damages that could be awarded in the Underlying Lawsuit.

## V.

## **JURY DEMAND**

35.     Penn-America requests that this civil action be tried before a jury.

## VI.

## **PRAYER**

36.     Wherefore, Penn-America respectfully requests declarations and judgment against all other parties to this action as follows:

    1.  A declaration that the Policy does not provide coverage for the Underlying Lawsuit or for any damages or judgment that could be awarded in the Underlying Lawsuit;

    2.  A declaration that no duty to defend or indemnify on Penn-America exists or can arise out of the Underlying Lawsuit;

    3.  A declaration that the Policy's exclusions apply to exclude insurance to Katerin related to the Underlying Lawsuit; and

    4.  For such other and further relief in law or equity to which Penn-America is justly entitled.

Dated: May 29, 2024.

Respectfully submitted,

*/s/ Greg K. Winslett*

_____
GREG K. WINSLETT
Attorney-In-Charge
State Bar No. 21781900
S.D. Tex. Bar No. 13078
gwinslett@qslwm.com

BRENT LEE
Of Counsel
State Bar No. 24036959
S.D. Tex. Bar No. 821509
blee@qslwm.com

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**